```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
MIGUEL VAZQUEZ,                     :
                                    :
        Plaintiff,                  :    Civ. No. 15-1671 (NLH)
                                    :
    v.                              :    OPINION and ORDER
                                    :
UNITED STATES OF AMERICA, et al.,   :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
William M. Tambussi, Esq.
Brown & Connery, LLP
360 Haddon Ave.
P.O. Box 539
Westmont, NJ 08108
    Counsel for Plaintiff

    This matter is presently before the Court upon receipt of a motion (ECF No. 20) by counsel for Plaintiff Miguel Vazquez seeking leave to file an Amended Complaint.  Counsel explains that, although the proposed amended complaint contains some additional factual allegations, it does not set forth any new claims; and instead only clarifies the existing claims in a format which more accurately conforms to the Rules of the Court.  Counsel for Plaintiff further asserts that there has been no bad faith or undue delay on Plaintiff's part; and counsel states that Defendants will not be prejudiced by the filing of an amended complaint.  Counsel submits the proposed amended

complaint as an attachment to his brief in support of the motion. (Mot. 5-15, Ex. A, ECF No. 20-1).  Defendants in this case have not yet filed an Answer, and no attorney has entered an appearance on their behalf.

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Schomburg v. Dow Jones & Co., 504 F. App'x 100, 103 (3d Cir. 2012) (citing Dole v. Arco Chemical Co., 921 F .2d 484, 487 (3d Cir. 1990)); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

The Court finds that the instant motion to amend was filed in good faith.  Further, Defendants will suffer no prejudice if the motion is granted.  Finally, because the proposed amended complaint does not add claims, but clarifies the existing claims and factual allegations, the Court finds that granting amendment

will benefit the Court and the parties.  Therefore, for good cause shown,

IT IS on this  17th  day of   May   , 2016,

ORDERED that Plaintiff's Motion to Amend (ECF No. 20) is GRANTED; and it is further

ORDERED that the Clerk of the Court shall file the proposed amended complaint, which appears as Exhibit A to Plaintiff's motion, see (ECF No. 20-1 at 5-15), as a new and separate docket entry with the title "Amended Complaint"; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Amended Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, see FED. R. CIV. P. 12(a)(1)(A).

```
                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
At Camden, New Jersey               United States District Judge
```

---

[1]  Alternatively, the U.S. Marshal may notify defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with FED. R. CIV. P. 4(d).